JAMES GOODSPEED

*v.*

SAMUEL W. CUTLER.

ALTERATION — *ratification by promise to pay.* Where one of the makers of a promissory note, after full knowledge of an alteration of the same, distinctly and unconditionally promises to pay it, it becomes immaterial whether the alteration was material, as by such act he adopts the note as his own, and he will be bound to pay the same.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. H. SNAPP, and Mr. F. GOODSPEED, for the appellant.

Mr. GEORGE S. HOUSE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellant, on a promissory note, purporting to have been executed by Leo Bloomer and appellant to appellee.

Appellant pleaded specially that he had signed a note, in all respects similar to the one in suit, with the exception that the word " security " was affixed to his name; that the note in suit was a mutilated part of the note which he so signed, and that, therefore, it was not his note. Accompanying this plea, he filed his affidavit of the truth of the facts pleaded.

Appellee replied, first, that the note had not been altered as alleged; second, that appellant altered it himself; and third, that appellant, after the alteration of the note, ratified and promised to pay it.

The judgment of the court below was in favor of appellee for the amount due on the note, and appellant brings this appeal, and assigns for error that the judgment is against the law and the evidence.

After having examined the evidence with some care, we deem it unnecessary to express any opinion on but a single point which has been argued.

There is a clear preponderance of evidence, that appellant, after he knew of the alteration of the note, distinctly and unconditionally promised to pay it. He, it is true, swears that his promise to pay was only conditional, but in this he is contradicted by appellee and House, both of whom are presumably of equal credibility with himself. In this view it is immaterial whether the alteration made was material or not. Even if he

had not signed the note, by adopting the signature he makes it his own, and thenceforth is bound by it.

The judgment is affirmed.

*Judgment affirmed.*