HENRY W. WELLINGTON & others *vs.* EDWARD H. JACKSON.

Plymouth.   Oct. 17.—20, 1876.   COLT, DEVENS & LORD, JJ., absent.

One who, knowing the signature to a promissory note to be forged, and intending to be bound by it, acknowledges it as his own, assumes the note as his own and is bound by it, just as if it had been originally signed by his authority.

If, pending an action on a promissory note, the defendant is declared a bankrupt on his own petition, and his assignee in bankruptcy assumes the defence of the action, the schedule of debts, filed by the bankrupt with the petition, and containing a description of the note, is admissible in evidence against the assignee that the note was signed by the bankrupt or by his authority.

CONTRACT against the maker of a promissory note. Answer, a denial that the defendant made the note.

After the commencement of the action, the defendant filed his petition in the court of bankruptcy and obtained his discharge, which was filed in the case. His assignee obtained leave to come in and defend, and the plaintiffs prosecuted the action for the purpose of obtaining judgment and execution against the property of the defendant attached in the action, and the as signee defended on behalf of the creditors. Trial in the Superior Court, before Putnam, J., who allowed a bill of exceptions in substance as follows :

There was evidence tending to show that on May 1, 1875, and before the defendant went into bankruptcy, the note, having been protested for non-payment, was presented to him, and he examined it, and said it should be arranged the following Monday. The plaintiffs also offered in evidence copies of the proceedings in bankruptcy, from which it appeared that the note in suit was contained and described in the schedule of the creditors of Jackson, signed and sworn to by him. This evidence was objected to on the ground that it was not admissible as against the defendant's assignee; but the judge admitted it, and the defendant excepted.

The plaintiffs contended, among other things, that if the jury were not satisfied upon the evidence that the defendant actually signed the note, yet that, by his conduct in reference to it, he was estopped from denying his signature.

The presiding judge instructed the jury as follows : "If, upon the whole evidence in the case, the jury shall be satisfied that the defendant, knowing that his signature was forged, by his words, acts or silence, gave the plaintiffs to understand that it was not forged, but was a genuine signature, intending thereby to cause the plaintiffs to rely on the note as his note, and the plaintiffs did so rely and act upon it, and were injured thereby, the defendant would be estopped to deny that his name was not a genuine signature, and that it was not put there by him or by his authority."

The counsel for the assignee asked the judge to give these instructions : "1. Estoppels are not favored in law, because they operate to shut out the truth, and to prevent parties from asserting or defending their rights, by proof of actual existing facts. 2. There must be shown a wilful intent to induce the party to

act on the faith of the alleged statements or representations, in addition to the fact that such statements were acted upon."

The judge gave the second instruction, as comprised substantially in the instructions already given, but declined to give the first.

The judge stated to the jury, that if they found their verdict for the plaintiffs, he should inquire of them whether they found it on the ground that the defendant executed the note, or the ground of estoppel. The jury found for the plaintiffs, and answered in writing that they found on the ground that the defendant had " acknowledged the signature to the note."

The defendant then filed a motion for a new trial; but the judge overruled the motion, on the ground that it appeared, by the special finding of the jury, that they did not find for the plaintiffs on the ground of estoppel, but on the ground that the defendant had acknowledged the signature of the note to be his; and being of the opinion that upon that ground the verdict was not against the weight of evidence.

To the above rulings and refusals to rule the assignee alleged exceptions.

*A. Mason & A. Lord*, for the assignee.

*J. H. Benton, Jr.*, for the plaintiffs.

GRAY, C. J. Although the signature of Edward H. Jackson was forged, yet if, knowing all the circumstances as to that signature, and intending to be bound by it, he acknowledged the signature and thus assumed the note as his own, it would bind him, just as if it had been originally signed by his authority, even if it did not amount to an estoppel *in pais*. *Greenfield Bank* v. *Crafts*, 4 Allen, 447. *Bartlett* v. *Tucker*, 104 Mass. 336, 341. The answer of the jury to the question of the court shows that they found for the plaintiffs upon this ground, and renders immaterial the instructions given or requested upon the subject of estoppel.

The schedule of creditors, signed by the debtor, was competent evidence, as an admission that his signature to the note was made by him or by his authority. All doubt as to the admissibility of this evidence, as against his assignee, is dispelled by referring to the provisions of the bankrupt act. The schedule is required to be annexed to and filed with the petition in bank-

ruptcy, and must therefore have been prepared before the commencement of the bankruptcy proceedings, by relation to which the title to the debtor's property vests in his assignee.  U. S. Rev. Sts. §§ 5014, 5044.  And if the assignee elects to assume the defence of a suit then pending against the bankrupt, he can only "defend the same in the same manner and with the like effect as it might have been defended by the bankrupt." § 5047.

*Exceptions overruled.*