CLARINDA S. BUCK *vs.* LYDIA E. WOOD.

Oxford. Opinion December 14, 1892.

*Mortgage. Notes. Forgery. Estoppel.*

</div>

Parties to a note secured by mortgage may substitute a new note for the original one without impairing the validity of the mortgage security, although the terms of the two notes are not the same; either note is merely evidence of the debt to be secured.

Where a person whose name has been forged as the maker of a promissory note makes payments on such note to an innocent holder thereof without

divulging the forgery, for the purpose of screening the forger from detection and punishment, when otherwise the holder would have initiated criminal proceedings against him, such person when sued upon the note by the holder will be estopped from setting up the forgery as a defense thereto. Such acts amount to an implied or indirect ratification.

ON MOTION AND EXCEPTIONS.

This was a real action wherein the plaintiff demanded of the defendant a certain parcel of land in Buckfield village.

From the exceptions it appeared that the plaintiff, on the 18th of May, 1878, gave to one Adna C. Cushman a demand note of one hundred and seventy-five dollars, to secure which she also gave said Cushman a mortgage deed of the premises in question. The plaintiff claimed that the note was surrendered to her, the plaintiff, on the same day that it was given, and therefore the mortgage, which was given to secure said note, became null and void ; and the plaintiff introduced in evidence a demand note of $175, running to Adna C. Cushman, and signed by herself, which she claimed was the identical note above mentioned. The defendant also introduced in evidence a note of $175, on one year's time, running to Adna C. Cushman, purporting to be signed by the plaintiff, Mrs. Buck, claiming that that was the original note to secure which the mortgage was given. On the back of this note, produced by the defendant, were four indorsements.

The only question of fact submitted to the jury by the presiding justice was, which of the two above mentioned notes was the note to secure which the mortgage was given.

The jury returned a verdict for the plaintiff.

The counsel for the defendant claimed,—

1. That, if the plaintiff and Adna C. Cushman agreed, after the execution of the mortgage, to substitute the note introduced in evidence by the defendant for the note introduced by the plaintiff, then the plaintiff would be bound by the mortgage in the hands of an innocent purchaser for value, and could not recover in this action.

2. That, if the plaintiff made certain payments on the mortgage and note when in the hands of such innocent purchaser, she would thereby be estopped from showing any irregularity

between herself and said Cushman in regard to said note and mortgage.

The presiding justice declined to so instruct the jury but did instruct them as follows :

" If you find that the note which is held by the defendant, and produced by Mr. Hersey as her attorney, for $175, payable in one year, is the real note which is described in the mortgage, and to secure which that mortgage was executed, it being in the possession of the defendant and produced by her counsel,— then your verdict should be that the defendant did not disseize this plaintiff in manner and form as she has alleged ; in other words, your verdict should be for the defendant, Mrs. Wood. If, on the other hand, you believe that is not the note described in the mortgage, and to secure which the mortgage was given, but that the note produced here by the plaintiff herself through her counsel, Mr. McGillicuddy, is the real note that was given, and that it was surrendered and given up to her with the intention thereby to render it invalid,— then the condition in the mortgage was performed, and the plaintiff, Mrs. Buck, is entitled to a verdict that the defendant did disseize in manner and form as the plaintiff has declared against her."

To these instructions and refusals the defendant took exceptions, and filed a general motion for a new trial.

*McGillicuddy and Morey*, for plaintiff:
*O. H. Hersey*, for defendant.

PETERS, C. J. The demandant introduced evidence showing that she was entitled to recover the premises demanded, unless a mortgage given by her to Adna C. Cushman on the premises be still in force.

The defendant, claiming her title under such mortgage, dated May 10, 1878, introduced it in evidence together with a note bearing the demandant's name as maker and payable to the order of Cushman, the mortgagee. The mortgage and note had been transferred, either by assignments or absolute conveyances, from Cushman down through different persons until the property was purchased by the defendant; and the mortgage had been fore-

closed.   The demandant admitted the mortgage to be genuine
but denied the genuineness of the note.

She testified, although her story was contradictory and evi-
dently disingenuous in some respects, that she made the mort-
gage, and another and different note from this one in defend-
ant's hands, as an accommodation for her friend Cushman to
raise money upon for his own use ; that immediately after the ,
note and mortgage were delivered to Cushman some difference
arose between her and him in consequence of which he gave up
the note to her, although he retained the mortgage, and that she
has had the note in her possession ever since ; and that the note
offered in evidence and bearing her name was never signed or
authorized by her and is a forgery.   The intimation is that Cush-
man forged the note in order to obtain money with which to
buy himself out of a threatened criminal prosecution of some
kind.

The demandant produced the note which she declares was
the genuine original note accompanying the mortgage, and the
evidence quite satisfactorily shows it to be so.   The two notes
are alike excepting one is on demand and interest and the other
is with interest on one year.   The conditional clause in the
mortgage describes either note, the one as accurately as the
other.   There was some question whether the two notes bear
the same date, as there is an obliteration of the date of the one
in the hands of the defendant.

The case finds that the counsel for the defendant took these
positions : First, that, if the demandant and Adna C. Cushman
agreed, after the execution of the mortgage, to substitute the
note introduced in evidence by the defendant for the note intro-
duced by the demandant, then the demandant would be bound
by the mortgage in the hands of an innocent purchaser for value,
and cannot recover in this action.   And secondly, if the demand-
ant made certain payments on the mortgage and note when in
the hands of such innocent purchaser, she would thereby be
estopped from showing any irregularity between herself and
Cushman in regard to such note and mortgage.   The presiding
judge declined to so instruct the jury, and submitted to the

jury only the question whether the one note or the other was the note covered and described by the mortgage ; the jury finding on that issue for the demandant.

A careful perusal of the evidence satisfies us that the defendant's propositions were in the main correct, and that either upon the exceptions or motion, more properly on the motion perhaps, a new trial should be ordered. The evidence bearing upon the point of renewal or substitution, as well as on the idea of ratification, is extremely important.

Here is a property mortgaged in 1878 to secure a note which the demandant says is a forgery, and the premises have been bought and sold for full value by her neighbors, undoubtedly with her knowledge, several times since the mortgage was given.

The mortgage has for all these years stood upon the public records unreleased, and was many years ago foreclosed. These innocent purchasers have been in open possession and occupation of the premises as owners, presumably before her eyes, for more than ten years, without a whisper of claim or any sign of discontent on her part, and no kind of explanation of such silence is even attempted to be given. But more conclusive than this is the fact that she made at four different times payments upon the note which she alleges was forged, to an attorney who held the same for collection, making the payments without any assertion of forgery or wrong and without any complaint whatever. How can such conduct possibly be accounted for, unless upon the theory that she either gave the second note, or authorized it, or adopted it as her own obligation? The attorney says that she came to his office, upon a notice to her that he had the note for collection, and saw him handle the note and mortgage and indorse the payments on the note, and he confidently believes that she took the note on some one of these occasions in her own hands.

She offers no explanation of her conduct in this respect, and is driven reluctantly and haltingly to confess the facts so testified to by the attorney. She says of those payments, "I suppose it was to pay for that note, that mortgage." She also some years ago declared to Mr. Bisbee, who desired to ascertain the fact, that the mortgage was a *bona fide* transaction.

In the letters of Cushman to her, put in evidence for her benefit, there are most significant indications that, even if her story of forgery be true, she had ratified the transaction in order to shield her friend from some threatened criminal punishment. In one letter he entreats her to send the interest due on the note, about ten dollars, to the attorney holding the note. In another letter he asks her to pay the interest on the note, as he anticipates trouble if the owner should discover anything wrong about it. And so she made the requested payments. The disclosure of motive in these letters bears upon the question of ratification. And that may be accomplished in two ways. If a person, whose name is forged to a note, knowing all the circumstances as to the signature and intending to be bound by it, acknowledges the signature and assumes the note as his own, he will be bound upon the note just as if it had been originally signed by him or by his authority. That would be express or direct ratification. But indirect or implied ratification may be consummated upon grounds of estoppel. Now if the demandant made payments on the forged note for the purpose of preventing the exposure of her friend, the forger, when the owner of the note would have caused his arrest and punishment had he not been in this way misled by her, she should be estopped from setting up the defense of forgery when subsequently sued on the note. *Forsyth* v. *Day*, 46 Maine, 176; *Casco Bank* v. *Keene*, 53 Maine, 103; *Wellington* v. *Jackson*, 121 Mass. 157.

On the other point, that the parties to a mortgage may substitute a new note. for the original by way of renewal without affecting the validity of the security, the authorities are conclusive. The books abound in such cases. *Hadlock* v. *Bulfinch*, 31 Maine, 246; *Barrows* v. *Turner*, 50 Maine, 127; *Parkhurst* v. *Cummings*, 50 Maine, 127; *Watkins* v. *Hill*, 8 Pickering, 522; *Pomroy* v. *Rice*, 16 Pickering, 22. In Jones on Mortgages, (2nd ed. Vol. 2, § 924) it is said: "No change in the form of indebtedness or in the mode or time of payment will discharge the mortgage. A mortgage secures a debt, and not the note, or bond, or other evidence of it. No change in the form of the evidence, or the mode or time of payment,

nothing short of actual payment of the debt, or an express release, will operate to discharge the mortgage.

·"The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt." · The text of the author is fortified by an array of cases cited.

We think the jury should be allowed to determine whether there was ratification express or implied, or a renewal of the first note by substituting the second.

*Motion sustained.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.