## Scott v. Bibo et al., Partners as Bibo & Co.

1. *Alteration of Instruments—Adoption, etc.*—It was conceded that a promissory note had been altered, but it was shown that the maker. upon an examination of the note in the hands of the plaintiff, while claiming that it had been altered, unconditionally promised to pay it: *held*, that this was an adoption of the note as it then appeared, and by which the maker was bound.

Memorandum.—Action on promissory notes. Appeal from a judgment for plaintiff, rendered by the Circuit Court of Edgar County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

### APPELLANT'S STATEMENT OF THE CASE.

Assumpsit, brought upon two promissory notes executed by Josephus Scott, the appellant, at Chrisman, Illinois, on the 8th day of September, 1891, for the sums of $5,000 and $1,650, respectively, due on or before six months after date, and payable to the order of ·Standiford Brothers, bankers, of Chrisman. Soon after the execution of the notes Standiford Brothers assigned them to Bibo & Co., the appellees; after which the Standiford Brothers failed and left the country.

The defense is that the notes were materially altered by Standiford Brothers without the consent of appellant; by reason thereof, appellant is discharged from all liability thereon.

### APPELLANT'S BRIEF.

A contract declared upon should be correctly stated. If the evidence differs from the statement, it is a variance that requires it to be rejected, and the party must fail in sustaining his allegation. Crittenden v. French, 21 Ill. 598.

Whether an alteration of an instrument is material is a question of law for the court, and should not be submitted to the jury. Milliken v. Marlin et al., 66 Ill. 13. The law does not permit the payee of a note to change its terms and conditions without the assent of the maker, even if the alteration is in his favor, or to correct a mistake. Brown v. Straw, 29 Am. Rep. 369; Lamb v. Paine, 26 Am. Rep. 163; State Savings Bank v. Shaffer, 31 Am. Rep. 394. The notes sued on never become operative as a promise on the part of appellant. Portage Company Branch Bank v. Lane, 8 O. S. 406.

On the production of an instrument in court, if it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. Gillett v. Sweat, 1 Gil. 475; Walters v. Short, 5 Gil. 252; Hodge v. Gilman et al., 20 Ill. 437; Montag v. Linn, 23 Ill. 551.

ROBERT L. McKINLAY, attorney for appellant.


### APPELLEES' BRIEF.

Where the maker of a note, after full knowledge of an alteration of the same, distinctly and unconditionally promises to pay it, he adopts the note as his own and will be bound to pay it. Goodspeed v. Cutler, 75 Ill. 534, 2 Pars. No. 565, 566.

H. S. TANNER, JOSEPH E. DYAS and H. VAN SELLAR, attorneys for appellees.

Ransom v. Duckett.

OPINION OF THE COURT, *the Hon. George W. Pleasants, Judge.*

Assumpsit on two promissory notes of appellant for $5,000 and $1,650, respectively; dated September 8, 1891, payable six months from date, to the order of Standiford Brothers, and by them assigned to appellees for value, and before maturity, being two of the notes involved in the case of Scott v. Gilkey, decided at this term. They purported to bear interest at five per cent "after due," and the defense on the merits was, that when delivered by appellant they bore interest "from date," and that afterward, and without his knowledge or consent, the change was made from date to due. The technical objection of a variance in description of the notes as declared on and produced in evidence from those really made and delivered, was also urged.

Aside from the questions whether they were in fact altered, and whether the alteration, if made, was material, we think it was proved by a preponderance of the evidence that defendant, upon examination of the notes in the hands of plaintiffs, while claiming that they had been altered, unconditionally promised to pay them. This was an adoption of the notes as they then appeared, by which he was thenceforth bound. The case of Goodspeed v. Cutler, 75 Ill. 534, is so like this as to be conclusive, and the judgment on the verdict for plaintiff will therefore be affirmed.