_MARKS, Respondent, vs. SCHRAM, imp., Appellant._

_December 11, 1900 — March 19, 1901._

_Promissory notes: Indorsement: Delivery in blank to maker: Alteration:
Forgery: Ratification: Notice to payee._

1.  Where one person indorses his name upon the back of a blank prom-
    issory note and delivers it to another for the accommodation of
    the latter, to be used in a certain way, and the latter makes ma-
    terial alterations therein and uses it for a different purpose, the
    indorser will be liable thereon, if, knowing the facts as to the alter-
    ation and negotiation of the note, he acknowledges it and prom-
    ises to pay it, even though such alterations constitute in law a
    forgery.
[2.  Whether the payee of a note bearing the indorsement of a third
    person is put upon inquiry as to the maker's authority to use it,
    by obliteration of the words "after date" and "or order" from the
    printed form and the substitution of others in their place, doubted
    but not determined.]

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge. _Affirmed._

This is an action upon a nonnegotiable demand note for
$11,000, payable to the plaintiff, dated August 20, 1894,
signed by the defendant Richard Schram, and purporting
to be indorsed by the defendant _J. B. Schram._ There was
no answer by the defendant Richard Schram, but the de-
fendant _Joseph B. Schram_ answered, alleging that the note
in question was an accommodation note; that when he in-
dorsed his name upon it it was simply a blank form prom-
issory note, and that in this condition he sent it to Richard
Schram by mail, so that Richard might renew a previously
executed accommodation note upon which the appellant was
indorser; that Richard Schram thereafter made material
and fraudulent alterations in the note, and did not use it for
the purpose intended.

It appears by the evidence in the case that in August,

1894, and for a number of years prior thereto, the defendant Richard Schram was engaged in the woolen business in the city of New York; that the appellant, *Joseph B. Schram*, is the father of said Richard, and lives in the city of Chicago; that the appellant had at various times previous to 1894 made accommodation indorsements of his son's notes for the purpose of helping him in his business by discounting the same at banks in the city of New York; that in August, 1894, the appellant sent to Richard a note in the ordinary form, with the blanks unfilled, and his name indorsed upon the back; that when said paper was thus sent it read as follows:

"——.

"—— after date, I promise to pay to —— —— or order —— Dollars, value received, at ——.      ·"—— ——."

The appellant testifies that his son requested this note to use in reducing the amount of a note in a bank, and that it was sent with the understanding that it should be so used; but the son denies that any limitation on the use of the blank existed. It further appears that, after receiving this paper, Richard Schram filled up the blanks in the note, and drew a line through the words "after date" and "or order," so that the same read as follows:

"$11,000.00.　　　　　New York, August 20th, 1894.

"On demand, I promise to pay to *Mr. E. N. Marks* Eleven Thousand Dollars, value received, at my office, 476 West 4th St.　　　　　Richard Schram."

The testimony of Richard Schram and *E. N. Marks* shows that some time previous to the 24th day of September, 1894, *Marks* had loaned to Richard Schram eleven $1,000 railroad bonds, and that Richard Schram had used these bonds as collateral in borrowing money at banks; that on the 24th of September, 1894, Richard Schram gave the note in question to the plaintiff, and that the plaintiff then gave Richard Schram a certified check for $11,000; that Richard Schram

used the check in taking up the said bank loans, which amounted to $10,500, returned the collateral bonds to *Marks*, and returned the remainder, $500.

The note was not paid at maturity, and was protested March 17, 1897. It further appears that some time in the fall of 1896 the defendant *Joseph B. Schram* went to New York City, and that a meeting was then held in New York, at which there were present the plaintiff, the defendant Richard Schram, and *Joseph B. Schram*, Louis Schram, a brother of Richard, and one Kuhn, who was the father of Richard's wife. The note in suit was produced at the meeting, and it is claimed on the part of the plaintiff that the appellant, *Joseph B. Schram*, after looking at the note, said that that was his note and his indorsement, and that he would take care of the note after Richard's other matters had been adjusted. The defendant *Joseph B. Schram* admits that the note was produced, and that he saw and read it; but claims that he denied liability thereon and refused to pay it.

At the close of the evidence both parties moved for the direction of the verdict, and both motions were denied. The court submitted to the jury a single question as a special verdict, to wit: "Did the defendant *Joseph B. Schram*, in the fall of 1896, agree to pay the plaintiff the note in suit?" The jury answered this question in the affirmative, and judgment was thereupon rendered for the plaintiff for the amount of the note in suit, and the defendant *Joseph B. Schram* appeals.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *J. G. Flanders* and *Chas. F. Fawsett*. They contended, *inter alia*, that according to the weight of authority a forgery cannot be ratified by the party against whom the crime was committed so as to make him liable upon the forged instrument. *Henry Christian B. & L. Asso. v. Walton*, 181 Pa. St. 201;

*Howard v. Turner,* 155 Pa. St. 349; *Shisler v. Vandike,* 92 Pa. St. 44; *Brook v. Hook,* L. R. 6 Exch. 98; *Woodruff v. Munroe,* 33 Md. 158; *Workman v. Wright,* 33 Ohio St. 405; *Henry v. Heeb,* 114 Ind. 278; *Wilson v. Hayes,* 40 Minn. 531; *Owsley v. Philips,* 78 Ky. 517; *Warner v. Fant's Trustee,* 79 Ky. 1; *Ferry v. Taylor,* 33 Mo. 334; 2 Daniel, Neg. Inst. § 1352.

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. H. Noyes.* To the point that a forgery may be ratified and that no new consideration is necessary, they cited *Greenfield Bank v. Crafts,* 4 Allen, 447; *Wellington v. Jackson,* 121 Mass. 157; *Bartlett v. Tucker,* 104 Mass. 336; *Dow's Ex'r v. Spenny's Ex'r,* 29 Mo. 386; *First Nat. Bank v. Gay,* 63 Mo. 40; *Cravens v. Gillilan,* 63 Mo. 28; *Casco Bank v. Keene,* 53 Me. 103; *Forsyth v. Day,* 46 Me. 176; *Commercial Bank v. Warren,* 15 N. Y. 577; *Howard v. Duncan,* 3 Lans. 174; *Hefner v. Vandolah,* 62 Ill. 483; *Gleason v. Henry,* 71 Ill. 109; *Paul v. Berry,* 78 Ill. 158; *Forsythe v. Bonta,* 5 Bush, 547; *Corser v. Paul,* 41 N. H. 24; *Union Bank v. Middlebrook,* 33 Conn. 95; *Crout v. DeWolf,* 1 R. I. 393; Mechem, Agency, § 116; *Pelton v. Prescott,* 13 Iowa, 567.

The following opinion was filed January 8, 1901:

WINSLOW, J.   The trial court rightly held that if the appellant, knowing of the alterations in the note and the fact that it had been negotiated to *Marks,* acknowledged it and promised to pay it, this constituted ratification and rendered all other questions immaterial.   The evidence showed that the plaintiff received the note without actual knowledge of any defect in its execution, and advanced to Richard Schram $11,000 on the strength of it.   If it be conceded that *Marks* was put upon inquiry as to Richard's authority to so use the paper, by the obliteration of the words "after date" and " or order" upon the face of the note (a proposition ex-

tremely doubtful — *Maldaner v. Smith*, 102 Wis. 30), it was still perfectly competent for the father to ratify the unauthorized act, and such ratification would be equivalent to original authority, even if such alterations constitute in law a forgery. Mechem, Agency, §§ 112–116; *Wellington v. Jackson*, 121 Mass. 157; *Commercial Bank v. Warren*, 15 N. Y. 577; *Forsyth v. Day*, 46 Me. 176; *First Nat. Bank v. Gay*, 63 Mo. 33; *Goodspeed v. Cutler*, 75 Ill. 534.

The jury have found that he ratified the act after full knowledge of the alterations and of the fact that it was held by *Marks*. This finding is based upon sufficient evidence, and was reached without material error; hence the judgment was right.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.

A motion for a rehearing was denied March 19, 1901.