FIRST STATE BANK OF CORWITH, IOWA, by its Receiver, W. C. OELKE, v. ED. WILLIAMS, Appellant.

**Bills and notes:** CONSIDERATION: FAILURE OF CONSIDERATION AS DEFENSE: ESTOPPEL. The maker of the note in suit executed and delivered the same in renewal of two others then due, one of which was admittedly genuine, the other claimed by him to be a forgery, the holder presenting the questioned instrument making no claim of personal knowledge as to its genuineness. Upon giving the renewal note the maker accepted and retained the old ones without further investigating or objection to the validity of the one in question until suit was instituted on the renewal. *Held,* that the maker was estopped from interposing the defense of partial failure of consideration on the ground that the original note was a forgery. Besides, a surrender of the note alleged to have been forged, as well as the other, and an extension of the time of payment of both was a valuable consideration for the renewal note.

    Weaver, J., dissenting.

*Appeal from Hancock District Court.*—HON. C. H. KELLEY, Judge.

SATURDAY, JUNE 5, 1909.

ACTION on a promissory note resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*John Hamill* and *Seneff & Bliss,* for appellant.

*John E. Wichman* and *C. R. Wood,* for appellee.

LADD, J.—The receiver appointed November 27, 1907, to settle the affairs of the First State Bank of Corwith found among its assets a promissory note of $1,372, executed to the bank by the defendant and his wife, dated March 23, 1907, bearing interest at the rate of eight percent per annum and payable November 1st of that year. This action is based thereon. The defendant admitted the execution of the note, but averred that there was a partial failure of consideration, in that it was given in renewal of the note of $271.22, conceded to be valid, and another note of $1,000 dated March 21, 1906, and payable to the bank March 1, 1907, purporting to be signed by the defendant and his wife. It is said in the answer that the last note was forged, and that, by falsely representing that it was genuine, the cashier of the bank induced the defendant to execute the note sued on. The receiver pleaded in reply a general denial, and that defendant was estopped from interposing the defense. The defendant testified: That, at the time he signed the note, the cashier exhibited to him the $1,000 note; that upon examining it he stated that he did not recollect about it; that the cashier replied that he certainly gave it, or it could not have been in the bank, and that the signatures were genuine, and the books of the bank so showed; that defendant studied a little bit over it, and not being certain, and relying upon the cashier's integrity and statements, executed the note sued on. Both notes were handed to him. He carried them home, and made no further objection to the note alleged to have been forged until

after the bank had been closed by the appointment of the receiver over eight months afterwards. He denied having signed the note, as did his wife, but admitted that he knew as much about the transaction when the note sued on was executed as he did at the trial.

Any rulings excluding evidence which may have been erroneous were cured by its subsequent admission, and the only inquiry for us to determine is whether the court erred in directing a verdict for the plaintiff. It is to be noted that the cashier made no claim to personal knowledge, nor does it appear that he was aware of the facts being otherwise than represented. This being so, the allegations of fraud were not supported by the evidence. The evidence did raise an issue of whether the $1,000 note was genuine, but, as we think, this was foreclosed by the execution of the new note. This was not necessarily on the ground of ratification, as to which the authorities seem to be in sharp conflict. An "act done for another by a person not assuming to act for himself, but for such other person, though without any precedent authority whatever, becomes the act of the principal if subsequently ratified by him." *Wilson v. Tumman,* 6 M. & S. 236. But may an act of one not assuming to be for, but personating another, as in forging a signature, be ratified? Answering in the affirmative, see: *Howard v. Duncan,* 3 Lans. (N. Y.) 175; *Greenfield Bank v. Crafts,* 4 Allen (Mass.) 447; *Hefner v. Vandolah,* 62 Ill. 483 (14 Am. Rep. 106). See 3 Randolph on Commercial Paper, section 1775. *Contra,* and holding that silence, when confronted with the forged instrument or even a promise to pay it or to be bound thereby, unless this be for a consideration or has misled the holder to his prejudice, will not preclude the defense of forgery, see: *McKenzie v. British Linen Co.,* 34 Eng. Rep. 301; *Brooks v. Hook,* L. R. 6 Exch. 89; *Wilson v. Hayes,* 40 Minn. 531 (42 N. W. 467, 4 L. R. A. 196, 12 Am. St. Rep. 754);

Workman v. Wright, 33 Ohio St. 405 (31 Am. Rep. 546) ; Warren v. Fant's Trustee, 79 Ky. 1; Woodruff v. Munroe, 33 Md. 148. See Smith v. Tramel, 68 Iowa, 488. The decisions seem to be agreed, however, that, if the holder had been misled to his prejudice by the conduct or promises of the person whose name has been forged, the latter will be estopped from pleading that the instrument is not genuine. Buck v. Wood, 85 Me. 204 (27 Atl. 103) ; Kuriger v. Joest, 22 Ind. App. 633 (52 N. E. 764, 54 N. E. 414). See Daniels on Negotiable Instruments (5th ed.), section 1352b. See Bell v. Mahin, 69 Iowa, 408; section 3060a (23), Code Supp. 1907.

"The circumstances were such as to estop defendant from interposing the defense. Both the notes for which that sued on was executed were past due. One of them is conceded to have been valid, and the extension of time for payment involved in the giving of the last note was a valuable consideration. So, too, in connection therewith was the surrender to the defendant of the note alleged to have been forged and the extension of time for paying the sum named therein. But for this the bank might have proceeded against the person who forged it. It was prevented from so doing for more than seven months following, during which defendant retained the discredited paper, without objection. Having accepted the benefits of the adjustment to the manifest disadvantage of the bank, the defendant is estopped from again inquiring into the genuineness of the note. Moreover, the controversy has been settled. In so far as appears, the dispute was bona fide on either side and a proper subject of adjustment. See Greenlee v. Mosuat, 116 Iowa, 535. Nothing is known now of which defendant was not aware then, so that he was in no way deceived. The bank granted further time and surrendered the old notes. The defendant executed the note in suit. The consideration on either side was ample. To constitute a consideration, it

is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made, as consideration for the promise made to him. *Harlan v. Harlan,* 102 Iowa, 701; *Fishbaugh v. Spunaugle,* 118 Iowa, 337; *McKee v. Needles,* 123 Iowa, 195; *Dailey v. Minnich,* 117 Iowa, 563.

Yielding to the inducement offered by the making of the new note, and by reason thereof doing that but for which the bank would not have done, i. e., surrendering the note alleged to have been forged, as well as the other, and extending the time of payment of both, constituted a valuable consideration. *Smith v. Smith,* 4 Idaho, 1 (35 Pac. 697); *Grant v. Chambers,* 30 N. J. Law, 323. See *Mather v. Lord Maidstone,* 18 C. B. 273. "The compromise itself was the consideration as agreed to by both parties to the new note, and it was a matter of entire indifference whether the old note was genuine or a forgery." *Grant v. Chambers, supra.*

The ruling was correct, and the judgment is *affirmed.*

WEAVER, J. (dissenting). In my judgment the case was clearly one for a jury. There is no showing or claim that the alleged forged note had been purchased or received by the bank from a third person in ignorance of its true character. On the contrary, the circumstances are such as indicate, that, if forged, the note was fabricated in the bank by its cashier. So far as appears, the bank never parted with any money or thing of value in consideration for the paper. There is therefore no room for an estoppel against defendants to plead want of consideration for the note in suit, or to claim the benefit of an alleged ratification. It is true that the defendant's statement of the matters of his defense is not such as appeals very strongly to one's confidence. It seems unnatural, though not necessarily incredible, and as jurors we might well refuse to give it credit; and I fear that

this feature of the case is now leading the court to announce propositions of law which we shall hesitate to affirm when confronted with them in the future. In all ordinary cases at law the credibility of witnesses and the weight of their testimony is for the jury alone.

I think the district court erred in directing a verdict.