MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2023 ME 38
Docket:       Pen-22-250
Argued:       April 6, 2023
Decided:      July 18, 2023

Panel:        STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and DOUGLAS, JJ.

KEYBANK NATIONAL ASSOCIATION

v.

ELIZABETH E. KENISTON et al.

STANFILL, C.J.

[¶1]  KeyBank National Association appeals from a District Court (Bangor, *Lucy, J.*) judgment dismissing its complaint for foreclosure after a bench trial because the debtor or the debtor's estate was a necessary party and was not participating in the action.  KeyBank asserts that neither the debtor nor the debtor's estate was a necessary party to the action, given that KeyBank cannot enforce the note against either.  We agree and vacate the dismissal.

## I.  BACKGROUND

[¶2]  Because KeyBank did not obtain a transcript of the trial (or a statement in lieu of a transcript) pursuant to Rule 5(a) or (d) of the Maine Rules of Appellate Procedure, "we will assume that the transcript would support the

2

trial court's findings of fact and its rulings on evidence and procedure." *Greaton v. Greaton*, 2012 ME 17, ¶ 2, 36 A.3d 913.

[¶3]  On June 1, 2002, Frederick L. Keniston borrowed money from KeyBank and executed a promissory note for the loan.  Frederick was the sole debtor on the note.  The debt was secured by a mortgage on property in Hermon that was owned by Frederick and Elizabeth Keniston as joint tenants.  The Kenistons were married and both granted the mortgage to KeyBank to secure the loan.  In December 2010, Fred Kilcollins began living at the property and paying rent to the Kenistons.  Kilcollins has remained there since.

[¶4]  In October 2011, Frederick died intestate, and his interest in the property passed by operation of law to Elizabeth as the surviving joint tenant. No administration of Frederick's estate was ever opened, and the time to do so passed.  *See* 18-A M.R.S. § 3-108(a) (2011) ("For a decedent dying on or after January 1, 1981, no informal probate or appointment proceeding or formal testacy or appointment proceeding . . . may be commenced more than 3 years after the decedent's death . . . .").[1]

---

[1] At the time of Frederick L. Keniston's death, Title 18-A was in effect.  The Probate Code has since been repealed, replaced, and codified in Title 18-C, which became effective on September 1, 2019. *See* P.L. 2017, ch. 402; P.L. 2019 ch. 417, §§ A-103, B-14.

[¶5]  Years later, in March 2018, KeyBank mailed a notice of default to Elizabeth and the "Estate of Frederick L. Keniston,"  advising that the note was in default and that the default could be cured by paying $4,615.45.  A little over two weeks later, on March 26, 2018, Elizabeth conveyed the property to Kilcollins by warranty deed, subject to the June 2002 mortgage from the Kenistons to KeyBank and any outstanding real estate taxes.

[¶6]  In May 2018, KeyBank filed a complaint for foreclosure of the property against Elizabeth and other individuals who were identified as "heir[s] to the Estate of Frederick L. Keniston,"[2] as well as Kilcollins and Seaboard Federal Credit Union as parties in interest.[3]  KeyBank could not name Frederick's estate as a defendant because, as discussed, the deadline for commencing a formal or informal proceeding had long passed.

[¶7]  A bench trial was held on April 5, 2022, and the court issued its decision on June 30, 2022.  The court dismissed KeyBank's foreclosure action without prejudice, stating that either the debtor or his estate needed to be named as a party to the foreclosure action.  In doing so, the court relied on

---

[2]  KeyBank later asked the Penobscot County Probate Court to formally determine Frederick's heirs at law, and it did so by order dated March 5, 2020.

[3]  Seaboard Federal Credit Union appears to have been joined as a party in interest because it may hold an interest in the property by virtue of a writ of execution against Frederick.

4

*MTGLQ Investors, L.P. v. Alley*, 2017 ME 145, ¶¶ 4, 8, 166 A.3d 1002, which dismissed a foreclosure action without prejudice because either the debtor or her estate was a necessary party to that action.  The court further stated that, even if KeyBank was not seeking a deficiency judgment, the debtor was a necessary party to the litigation.  KeyBank timely appealed the decision.  *See* 14 M.R.S. § 1901(1) (2023); M.R. App. P. 2B(c)(1).

[¶8]  Before oral argument, we invited interested persons or entities to submit briefing as amici curiae in response to two questions regarding foreclosure when the debtor is deceased, the time for probate has passed, and the property has passed to a surviving joint tenant who is not liable on the note.[4]  We appreciate the perspectives of the amici curiae, and their briefs were of great assistance to us in deciding this matter.

## II.  DISCUSSION

[¶9]  The issue is whether the debtor is a necessary party to a foreclosure action when the debtor is deceased and there is no estate available to be joined

---

[4]  Here, the surviving joint tenant, Elizabeth, had conveyed the property to Kilcollins.  The questions we posed to the amici were as follows:

1.  Under these circumstances, what enforceable interest, if any, does the mortgagee have in the subject property?

2.  Is formal administration of an estate or appointment of a special administrator required in order to foreclose when the debtor is deceased?

as a party. KeyBank now concedes that Frederick's heirs should not have been named as parties. As previously noted, Frederick and Elizabeth owned the property as joint tenants. Accordingly, when Frederick died, his interest in the property terminated, and Elizabeth, as the surviving joint tenant, remained seized of the entire property. *See Strout v. Burgess*, 144 Me. 263, 279-80, 68 A.2d 241 (1949). Thus, the heirs were not proper parties because they never had an interest in the property, nor could they be liable on the debt.

[¶10] At oral argument, KeyBank asserted the trial court erred in relying on *Alley* to determine that either Frederick or his estate was a necessary party to this case.[5] KeyBank argued that because there is no one to stand in the place of the sole deceased debtor, it may proceed with a foreclosure that is in rem in nature so long as it does not attempt to collect on the note. We agree.

[¶11] We apply a de novo standard in reviewing the dismissal of an action for failure to join a necessary party. *See Caron v. City of Auburn,* 567 A.2d 66, 68 (Me. 1989) ("Though the trial court was correct in its determination that SSA was a necessary party to the action, its dismissal on that basis contravenes the purpose of Rule 19(a)."); *Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 1, 11,

---

[5] KeyBank's position at oral argument aligned with most of the briefs submitted by the amici curiae.

6

744 A.2d 544 ("The court erred by dismissing the inverse condemnation claim based on the failure of Geneva to join necessary parties, therefore we must vacate the dismissal.").

[¶12] "In Maine, foreclosure is a creature of statute." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 8, 96 A.3d 700; *see* 14 M.R.S. §§ 6101-6327 (2023). Maine's foreclosure statute provides that "[a]fter breach of condition in a mortgage of first priority, the mortgagee . . . may proceed for the purpose of foreclosure by a civil action against all parties in interest." 14 M.R.S. § 6321. It specifies that "'[p]arties in interest' includes mortgagors, holders of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors." *Id.* Notably, the statute does not require that the debtor be joined in every foreclosure action. Further, it states that a "[f]ailure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined." *Id.* Thus, the foreclosure statute does not require administration of an estate or appointment of a special administrator for a foreclosure to proceed.

[¶13] In *Alley*, however, we vacated a foreclosure judgment in the mortgagee's favor when the mortgagee failed to join either the debtor or her estate in the proceeding. *See* 2017 ME 145, ¶¶ 3-4, 6-8, 166 A.3d 1002. In that

case, the sole debtor had died shortly before the note went into default and the mortgagee brought the foreclosure action roughly two years later.  *Id.* ¶¶ 1, 4. We concluded that the debtor or the debtor's estate was a necessary party to the foreclosure action:

> Among the necessary elements for foreclosure in Maine are the plaintiff's proof, by a preponderance of the evidence, of both a breach of condition in the mortgage and the amount due on the mortgage note, including any reasonable attorney fees and court costs.  Here, as in most foreclosure cases, [the mortgagee] alleged— and the court found—that the mortgage was breached by the default on the payment obligations of the note.  The crux of the dispute is therefore whether and to what extent the debtor met her contractual obligations to the [mortgagee] (i.e., those set out in the note).  Although a person with an interest in the property subject to the mortgage has standing to defend the matter by virtue of her interest in the property, the person with an interest in the property is unable to do so effectively as to the nonpayment on the note because the person is not—and, as here, may never have been—a party to the note. . . .

> Thus, without the debtor—and more particularly, in the absence of notice to the debtor and an opportunity for the debtor to be heard—the court cannot fully and fairly decide the contractual dispute on which the creditor's entitlement to reach and sell the property depends.

*Id.* ¶¶ 6-7 (citations, footnote, and quotation marks omitted); *see* 14 M.R.S. § 6322; M.R. Civ. P. 19(a).  We raised the issue of whether the debtor was a necessary party and noted that "[i]n short, this litigation is missing a debtor (presumably, the Estate of Linda Shelley)."  2017 ME 145, ¶¶ 3-4, 166 A.3d

8

1002. It is unclear from the opinion whether the estate *could* have been made a party, but we appear to have assumed it was at least a possibility.

[¶14]  In this case, the court interpreted *Alley* to mean that either the debtor or, when the debtor is deceased, the debtor's estate is always a necessary party to a foreclosure action.  Although we agree that the court reasonably interpreted *Alley*, we conclude that *Alley* is distinguishable and overrule it to the extent it implies the debtor or the debtor's estate must be a party to every foreclosure case.

[¶15]  A mortgage deed secures the debt established by the promissory note. *See Buck v. Wood*, 85 Me. 204, 209, 27 A. 103 (1892) ("A mortgage secures a debt, and not the note, or bond, or other evidence of it." (quotation marks omitted)).  Maine is a title theory state, and "[a] mortgage is a conditional conveyance vesting the legal title in the mortgagee, with only the equity of redemption remaining in the mortgagor." *Johnson v. McNeil*, 2002 ME 99, ¶ 10, 800 A.2d 702 (quotation marks omitted).  Thus, legal title "passes [to the mortgagee] immediately upon the delivery of the mortgage; and the mortgagee

is regarded as having all the rights of a grantee in fee, subject to the defeasance." *Id.* ¶ 11 (quotation marks omitted).

[¶16]   Moreover, after the United States Supreme Court's decision in *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991), we recognized that a foreclosure action is in rem in nature and may proceed when the debtor is discharged or otherwise protected from liability on the note.  *See Fed. Nat'l Mortg. Ass'n v. Deschaine*, 2017 ME 190, ¶ 3 n.2, 170 A.3d 230 ("Because a discharge in bankruptcy does not extinguish a valid lien on a property, however, that discharge does not preclude Fannie Mae from enforcing its security interest in an *in rem* foreclosure proceeding."); *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 22, 161 A.3d 696 ("Actions under the mortgage may be treated as separate and distinct from actions under the note because notes are unsecured and separate from mortgages, presenting differing issues that may, sometimes, be adjudicated in separate proceedings."); *see also Johnson*, 2002 ME 99, ¶ 1, 800 A.2d 702 (holding that a mortgagee may bring a foreclosure action on the mortgage even if an action on the note is barred by the statute of limitations).  When a foreclosure is in rem in nature, the action "proceed[s] against the real property that secures the mortgage debt" and results in a foreclosure sale.  *Summers v. Fin. Freedom Acquisition LLC*, 807 F.3d

351, 357-58 (1st Cir. 2015) (discussing foreclosures that are in rem in nature in Rhode Island, another title theory state). In such cases, the debtor is not a necessary party because the mortgagee is not seeking to enforce the debtor's personal obligations. *See Johnson-Toothaker v. Bayview Loan Servicing LLC*, No. 2:20-cv-00371-JDL, 2022 U.S. Dist. LEXIS 143186, at *12-14 (D. Me. Aug. 11, 2022); M.R. Civ. P. 19(a).[6] Even if the debtor cannot be named as a defendant, however, any mortgagor or successor in interest who can be named as a party and parties in interest must still be named in the action because the mortgagor or successor in interest has a right of redemption that must be exercised or extinguished and parties in interest may have some other interest in the property. *See Johnson-Toothaker*, 2022 U.S. Dist. LEXIS 143186, at *11-12; M.R. Civ P. 19(a).

[¶17] In *Johnson-Toothaker*, the United States District Court for the District of Maine applied Maine law and distinguished *Alley* from a foreclosure case that was factually similar to the one at bar. 2022 U.S. Dist. LEXIS 143186, at *10-17. The court held that *Alley's* requirement that the debtor be joined as

---

[6] In *MTGLQ Investors, L.P. v. Alley*, we were concerned that if the debtor was not a party to the action, there would be no one able to defend the matter effectively as to the element of nonpayment on the note. *See* 2017 ME 145, ¶ 6, 166 A.3d 1002. Although it may be true that no one other than the debtor may have personal knowledge of the status of payment, this is not a reason to prohibit the foreclosure if the debtor cannot be made a party.

a necessary party did not apply to foreclosures that are in rem in nature. *Id.* at *12. Accordingly, the court determined that the mortgagee could proceed with foreclosure even though the mortgagee was unable to enforce the promissory note because it did not file a claim against the debtor's estate within the prescribed time period. *Id.* at *10, *12, *16.

[¶18] We agree. If a deficiency judgment is sought, then the debtor is a necessary party to the foreclosure action. If, however, a foreclosure does not include a claim for a deficiency judgment and is therefore solely in rem in nature, then any mortgagor or successor in interest is a necessary party but a deceased debtor is not. To the extent that *Alley* broadly implies that the debtor must be a party to every foreclosure case, it is overruled. As the First Circuit aptly put it: "The upshot is that though the failure to file a claim in probate proceedings may extinguish personal liability on the note secured by the real estate mortgage, that failure does not extinguish the mortgage itself. Consequently, such a failure does not interfere with the mortgagee's right to foreclose." *Summers*, 807 F.3d at 358. To hold otherwise would leave the title to the real estate in limbo in a situation like this, where neither the debtor nor the debtor's estate can be joined as parties.

[¶19]  In sum, the trial court erred in holding that KeyBank needed to enforce the note against Frederick's estate and that either Frederick or his estate was a necessary party.  This action may proceed in rem against the property, joining as parties all who have any interest in the mortgage or property.

The entry is:

> Judgment vacated.  Remanded for further
> proceedings consistent with this opinion.

John Michael Ney, Jr., Esq. (orally), Brock and Scott, PLLC, Pawtucket, Rhode Island, for appellant KeyBank National Association

Kirk D. Bloomer, Esq., and William J. Johnson, Esq. (orally), Bloomer Russell Beaupain, Bangor, for appellee Fred Kilcollins

Daniel L. Cummings, Esq., Norman, Hanson & DeTroy, LLC, Portland, for amicus curiae Maine Credit Union League

William Fogel, Esq., Bendett & McHugh, P.C., Portland, for amicus curiae USFN

Ryan P. Dumais, Esq., and Micah A. Smart, Esq., Eaton Peabody, Portland, for amicus curiae Maine Bankers Association

Reneau J. Longoria, Esq., Doonan, Graves & Longoria LLC, Beverly, Massachusetts, for amicus curiae Doonan, Graves & Longoria LLC