## Donald C. CARON

v.

## CITY OF AUBURN.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1989.

Decided Dec. 6, 1989.

Ronald P. Lebel, Nancy Dragalin Carlson (orally), Rocheleau, Fournier & Lebel, Lewiston, for plaintiff.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, Donald C. Caron, appeals from the dismissal by the Superior Court (Androscoggin County, *Alexander, J.*) of his two-count complaint brought against the defendant, City of Auburn. Count I, brought pursuant to 30 M.R.S.A. § 2411(3)(F) (1978) and M.R.Civ.P. 80B, challenges the issuance of a variance by the Auburn Zoning Board of Appeals ("ZBA"). Count II, brought pursuant to 14 M.R.S.A. §§ 5951–5963 (1980), seeks a declaration that the variance was invalid because of the failure to record a proper certificate under 30 M.R.S.A. § 4963(3).[1] We affirm the dismissal of Count I because Caron failed to appeal the ZBA's action in a timely manner. We vacate the dismissal of Count II, however, since the court was required to grant Caron's request and order the developer to whom the variance was granted to be joined as a necessary party before dismissing the action.

In December 1988, developer Second Street Associates ("SSA") proposed the construction of an eighteen-unit apartment complex on several parcels of land located on Second Street in Auburn. As the proposed plan required a variance from existing density regulations, a public hearing was held by the ZBA on December 13,

1. P.L.1987, ch. 182, § 2, added the recordation requirement to 30 M.R.S.A. § 4963(3) (effective Sept. 29, 1987). The provision now appears in 30–A M.R.S.A. § 4504(5). *See* P.L.1987, ch. 737, pt. A, § 2 (effective March 1, 1989).

1988. Caron, an abutter who was given written notice as required by the Auburn Zoning Ordinance, attended the meeting and expressed his opposition to the proposal. SSA's petition was denied. Subsequently, at its regular meeting on December 27, 1988, the ZBA voted to reconsider its previous denial and granted SSA's petition for a variance. Caron had no notice of this action and learned of it through a neighbor in early January, 1989. Caron and the same neighbor concluded that there was nothing to be done about the variance after the neighbor learned from a city official that no written notice of reconsideration was required to be given abutters. In February 1989, Caron and other concerned neighbors consulted with an attorney who advised them that review of issuance of the variance was possible. Caron did not seek such a review until March 22, 1989,[2] when he filed the instant complaint.[3]

The court denied Caron's motion for enlargement of time in which to file the complaint and granted the City's motion to dismiss Count I of the complaint, finding no excusable neglect to relieve Caron of the requirement that a complaint must be filed within thirty days of the issuance of a variance. The dismissal of Count II was based upon Caron's failure to join SSA by reason of its interest in the outcome of the declaratory judgment action. The court also denied Caron's request for the opportunity to join SSA as a party.

### I.

■ Appeals from decisions of municipal boards of appeal may be instituted by the filing of a complaint in the Superior Court within thirty days of the decision. 30 M.R.S.A. § 2411(3)(F) (Supp.1988); *see also* M.R.Civ.P. 80B(b). In the event that a party fails to file within this period, the court may, for cause shown, enlarge the time to permit later filing. M.R.Civ.P. 6(b). A showing of excusable neglect is required in those instances, like the present one, where the motion for enlargement of time is not made until after the expiration of the thirty days in which the filing would have been timely. *Id.* at (b)(2). The determination whether excusable neglect exists is left to the sound discretion of the trial court. *Lane v. Williams*, 521 A.2d 706, 708 (Me.1987); *Sevigny v. City of Biddeford*, 344 A.2d 34, 38 (Me.1975). An abuse of discretion will be found only in those "rare instances where extraordinary circumstances would work an injustice." *Casco Bay Island Transit Dist. v. Public Utilities Comm'n*, 528 A.2d 448, 451 (Me. 1987) (citations omitted).

Caron contends that the ZBA's failure to give notice of its admittedly valid reconsideration of the petition at its regularly scheduled meeting on December 27 excuses his late filing. *Cardinali v. Town of Berwick*, 550 A.2d 921, 921 (Me.1988). We disagree. Caron had actual notice of the ZBA's issuance of the variance within a few days of the reconsideration vote and for some ten weeks before he instituted the action.[4] Six weeks after learning of the issuance, he consulted an attorney who informed him that recourse, in the form of an appeal, was available. Nonetheless, four more weeks passed before the complaint was finally filed. Under these facts, the court's determination that no excusable neglect existed cannot be considered an abuse of discretion. *Sevigny*, 344 A.2d at 38.

### II.

■ In the second count of the complaint, Caron contends that the failure to file a complete copy of the variance at the Registry of Deeds resulted in its invalidity and seeks a declaratory judgment to that

---

**2.** Caron and the others did attend a March 14, 1989 meeting of the Auburn Planning Board to oppose SSA's request for a site review permit concerning the same project.

**3.** The complaint was subsequently amended in April 1989 to add a second count for declaratory relief.

**4.** Because Caron waited so long before bringing his appeal, we need not determine precisely when the thirty-day appeal period commenced. *Vachon v. Town of Kennebunk*, 499 A.2d 140, 141–42 (Me.1985).

effect.[5] 30 M.R.S.A. § 4963(3) *repealed by* P.L.1987, ch. 737, pt. A, § 1 (effective March 1, 1989).[6]

In order that complete relief may be accorded, the Declaratory Judgment Act provides that,

> [w]hen declaratory relief is sought, all persons shall be made parties who have or claim an interest that would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding....

14 M.R.S.A. § 5963 (1980). In addition, Rule 19(a), made applicable to actions for declaratory relief, M.R.Civ.P. 57, specifically provides for the joinder of any person whose ability to protect an interest in the action might be impeded by disposition in that person's absence. M.R.Civ.P. 19(a). Though the trial court was correct in its determination that SSA was a necessary party to the action, its dismissal on that basis contravenes the purpose of Rule 19(a). *Id.* That rule provides for the mandatory joinder of a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest...."

*Id.*[7] Such a "necessary" person "shall" be ordered joined as a party so long as the person may be served with process. *Id.*; *Efstathiou v. Payeur,* 456 A.2d 891, 892 (Me.1983). Only when joinder is not possible may the court determine that the action cannot proceed in the absence of a party deemed "indispensable." M.R.Civ.P. 19(b); *Nemon v. Summit Floors, Inc.,* 520 A.2d 1310, 1313 (Me.1987) (citing 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil 2d* § 1611, at 161–66 (1986)); M.R.Civ.P. 19(b).

The City argues that even if SSA might properly have been made a party, the court's dismissal of the declaratory judgment action may be upheld as within its sound discretion. Although we have recognized the discretionary nature of the relief provided by the Act, the court is bound by the clear language of M.R.Civ.P. 19. Moreover, the court never reached the issue of the propriety of declaratory relief.[8] Its dismissal was based solely upon Caron's failure to join SSA as a party. Given the "mandatory language of the rule," before dismissing Count II, the court was required to grant Caron's request for the opportunity to join SSA as a party. *Efstathiou,* 456 A.2d at 893.

---

5. Because Caron did not appeal the administrative action of the ZBA in a timely manner, the ZBA's issuance of the variance becomes final and the principles of res judicata "preclude[ ] the reopening of any issues decided by the [ZBA] in a plenary action such as one seeking a declaratory judgment." *Fitanides v. Perry,* 537 A.2d 1139, 1140 (Me.1988). Caron is not barred, however, from challenging in a declaratory judgment action the continued validity of the variance because of the failure to record.

6. The statute then in effect provided that:
   [W]henever the board grants a variance under this section, a certificate indicating the name of the current property owner, identifying the property by reference to the last recorded deed in its chain of title, and indicating the fact that a variance, including any conditions on the variance, has been granted and the date of the granting, shall be prepared in recordable form and shall be recorded in the local registry of deeds within 30 days of final approval of the variance or the variance shall be invalid. No rights may accrue to the variance recipient or his heirs, successors or assigns unless and until the recording is made within 30 days.

30 M.R.S.A. § 4963(3), *repealed by* P.L.1987, ch. 737, pt. A, § 1 (effective March 1, 1989).

7. M.R.Civ.P. 19(a) provides in pertinent part:
   **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest.... If the person has not been so joined, the court shall order that the person be made a party.

8. The court's dismissal was based solely on the failure to join SSA as a party. The court did not address the City of Auburn's contention that it has an insufficient "adverse interest in contesting" the issue of whether the failure to record invalidates the variance issued by the ZBA. *Perry v. Hartford Accident & Indem. Co.,* 481 A.2d 133, 136 (Me.1984). The City may pursue that issue on remand.

The entry is:

Judgment affirmed as to the dismissal of Count I. Judgment vacated as to the dismissal of Count II. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.