2000 ME 15

**Geneva LARRABEE**

v.

**TOWN OF KNOX.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 17, 1999.

Decided Feb. 1, 2000.

Peter K. Mason, Searsport, for plaintiff.

Eugene C. Coughlin, Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Geneva Larrabee appeals from the judgment of the Superior Court (Waldo County, *Marden, J.*) dismissing one count of her complaint against the Town of Knox. The complaint arose from work performed on a town road abutting property in which Geneva holds an interest. The court dismissed six of the seven counts of her complaint and she voluntarily dismissed the seventh count. On appeal, Geneva contends that the court erred when it dismissed the count for inverse condemnation (Count II) because she had failed to join necessary parties.[1] We agree and vacate the dismissal of the second count.

---

1. Geneva also argues that dismissing two other counts for trespass and nuisance based on the failure to join necessary parties or alternately based on the inability of a life tenant to bring such actions was error. Those two counts, however, were dismissed for entirely different reasons; therefore Geneva's arguments have no bearing on whether the court erred. We decline to address the propriety of the dismissals of the claims for trespass and nuisance in the absence of briefing on the actual bases for the dismissals. *Cf. Aseptic Packaging Council v. State,* 637 A.2d 457, 462–63 (Me.1994) ("The failure of the

## I.

[¶ 2] After portions of a town road were washed out, the Town of Knox contracted with Clayton Larrabee, Geneva's son, to perform certain work on the road to correct the flooding problem. Clayton, his two brothers, Edwin and Glen Larrabee, and their mother, Geneva, owned the land on either side of the road. In April 1997, Geneva filed a complaint against the Town alleging that work on the road had caused damage to the property. Sometime thereafter Geneva conveyed her ¼ interest in the property to Edwin and Glen, retaining a life estate for herself.[2] This conveyance resulted in Edwin and Glen each having a ⅛ remainder interest in the property, in addition to their ¼ fee present interest. Geneva retained a life estate in ¼ of the property, and Clayton continued to have a ¼ fee interest.

[¶ 3] The Town filed a motion to dismiss and later named Clayton as a third-party defendant. A series of delays ensued, but eventually Geneva filed a motion in opposition to the Town's motion to dismiss. Af-

ter hearing the parties' arguments in support of their motions, the court dismissed six of the seven counts in Geneva's complaint. After voluntarily dismissing the remaining count, she filed a timely notice of appeal.

## II.

[¶ 4] In Count II of the complaint, Geneva states, "[t]he construction, and the effects of the construction, constitute an 'inverse condemnation'[3] of Plaintiff's property without just compensation, and without following the statutory procedure for a 'taking.'" The court determined that Geneva's three sons, who also had interests in the property, were necessary parties to the action. The court noted that the statute granting municipalities the power of eminent domain for highway purposes and providing for compensation therefor consistently refers to "owner" or "owners" of the property and concluded that only "owners" can bring an action for inverse condemnation.[4]

[plaintiff] to brief [a] claim constitutes abandonment of the claim on appeal."); *State v. Babcock*, 361 A.2d 911, 913 n. 1 (Me.1976) (failure to brief or argue issues listed on appeal constitutes waiver of those issues); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 75A.1 at 514 (2d ed. Supp.1981) ("Failure to brief ... a point included in the statement of points on appeal will cause that point to be treated as abandoned.").

2. Geneva also granted a power of attorney to Glen sometime after the complaint was filed.

3. Black's Law Dictionary defines "inverse condemnation" as, "[a] cause of action against a government agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed." BLACK'S LAW DICTIONARY 740 (5th ed.1979). The United States Supreme Court has observed, "[i]nverse condemnation is 'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.'" *Agins v. City of Tiburon*, 447 U.S. 255, 258 n. 2, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980) (quoting *United States v. Clarke*, 445 U.S. 253, 257, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980)).

4. The statute provides:

A municipality may take property or interests therein for highway purposes if the municipal officers determine that public exigency requires the immediate taking of such property interests, or if the municipality is unable to purchase it at what the municipal officers deem reasonable valuation, or if title is defective.
In municipalities where the municipal officers have the legislative power of appropriation, the municipal officers shall file with the municipal clerk a condemnation order that includes a detailed description of the property interests to be taken, which shall specify its location by metes and bounds, the name or names of the owner or owners of record so far as they can be reasonably determined and the amount of damages determined by the municipal officers to be just compensation for the property or interest therein taken. The municipal officers shall then serve upon the owner or owners of record a copy of the condemnation order and a check in the amount of the damages awarded. In the event of multiple ownership, the check may be served on any one of the owners. Title shall pass to the municipality upon service of the order of condem-

[¶ 5] The Town argues that Geneva, as a life tenant, was not an owner and therefore could not bring an inverse condemnation claim. If she could not bring an action, according to the Town, there was no action to which necessary parties could be joined and dismissal of the action was required. Conversely, Geneva argues not only that she can bring an action for inverse condemnation as a life tenant, but also that the other parties who possess present and future interests are *not* necessary parties to the action. We disagree with both the Town and Geneva.

[¶ 6] Geneva may properly bring an action for inverse condemnation, even though she is a life tenant. The holder of a life estate owns a freehold estate in real property and, thus, is entitled to compensation when the property is taken for public use. *See In re Vetroock's Will,* 34 Misc.2d 1073, 230 N.Y.S.2d 485, 496 (Sur. Ct.1962). In *Ackerman v. State,* 199 Misc. 76, 102 N.Y.S.2d 536 (Ct.Cl.1951), the possessor of a life estate was considered an "owner" of the property who was entitled to damages in a condemnation proceeding and was therefore considered a necessary party to the action. *Id.* at 540. If a life tenant is a necessary party to a condemnation proceeding, then it would follow that when land has been taken without compensation, a life tenant may bring an action for inverse condemnation. However, as the above authorities also indicate, others with interests in the property likewise should be made parties to the action.

[¶ 7] Cotenants and those with vested remainders have an interest in the subject matter of the litigation, i.e., the compensation which may be due for a taking of land by the government. The Supreme Court of Arkansas has aptly noted, "[i]n a condemnation proceeding, all persons owning an interest in the property are proper parties; and this includes tenants in common, life tenants, remaindermen, lessees, in fact every person having an interest in the land." *Arkansas State Highway Comm'n v. Thomas,* 231 Ark. 98, 328 S.W.2d 367, 368 (1959) (citations omitted). Additionally, joining those with interests in the property prevents multiple or inconsistent obligations on the part of the defendant, in this case the Town, which is one of the situations that Rule 19 seeks to avoid. *See* M.R. Civ. P. 19(a)(2)(ii).

[¶ 8] In the absence of Geneva's sons, the Town may be vulnerable to incurring multiple obligations. *See, e.g., Georgia Dep't of Transp. v. Woodard,* 254 Ga. 587, 331 S.E.2d 557, 558–59 (1985) (court determined that eleven children with remainder interests could bring an action for compensation for land condemned thirty years earlier when only life tenant was notified and compensated because of erroneous belief that he held a fee simple absolute); *Combs v. City of Winchester,* Law No. 90–286, 1991 WL 835387, at *4–5 (Va. Cir. Ct.1991) (individual with remain-

nation and check or upon recordation in accordance with section 3024, whichever occurs first.

In towns where the town meeting has the legislative power of appropriation, the municipal officers shall file the condemnation order described in the previous paragraph with the town clerk and send a copy to the owner or owners of record by registered mail. No interest shall pass to the town unless an article generally describing the property interest to be taken and stating the amount of damages to be paid has been approved by a duly called town meeting. The town meeting may not amend the article, except to increase the amount of damages to be paid. If the article is approved, a check in the amount of damages authorized shall be served immediately upon the owner or owners of record. In the event of multiple ownership, the check may be served on any one of the owners. Title shall pass to the town upon service of the check or upon recordation in accordance with section 3024, whichever occurs first. Unless specifically provided in the order of condemnation or unless the property or interests to be taken include land or right-of-way of a railroad corporation or a public utility, title to property taken for town ways after December 31, 1976, shall be in fee simple absolute.

23 M.R.S.A. § 3023 (1992).

der interest in property who did not receive notice of demolition of building could bring action for inverse condemnation against city). Therefore, Geneva's sons, as possessors of present and future interests, are necessary parties because their presence is needed for a full and fair adjudication of the inverse condemnation claim. The court did not err in making this determination.

[¶ 9] Maine Rules of Civil Procedure, Rule 19(a) provides:

(a) **Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

M.R. Civ. P. 19(a). The rule also provides that if a person cannot be joined for some reason the court may determine that the action should not proceed. *See* M.R. Civ. P. 19(b).

■ [¶ 10] Although dismissal may be appropriate when a necessary party *cannot* be joined, if joinder of a party is *possible*, then it is mandatory: "If the person [i.e., the necessary party] has not been joined, the court *shall order* that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant." M.R. Civ. P. 19(a) (emphasis added); *see also Housing Securities, Inc. v. Maine Nat'l Bank*, 391 A.2d 311, 315 n. 4 (Me. 1978) ("Where a party is 'subject to service of process' it is unnecessary to reach the question of whether the action 'should proceed....'").

[¶ 11] However, rather than joining the sons as parties, the court dismissed the inverse condemnation claim. It appears that the court based its decision on the fact that Geneva failed to file a motion for joinder despite the availability of her sons for service of process. As noted above, though, dismissal pursuant to M.R. Civ. P. 19(b), though discretionary, is only appropriate when joinder is not *possible*. Given Geneva's refusal to seek joinder, the court should have ordered joinder on its own initiative. *See Caron v. City of Auburn*, 567 A.2d 66, 68 (Me.1989) ("[A] 'necessary' person 'shall' be ordered joined as a party so long as the person may be served with process. Only when joinder is not possible may the court determine that the action cannot proceed in the absence of a party deemed 'indispensable.'"). The court erred by dismissing the inverse condemnation claim based on the failure of Geneva to join necessary parties, therefore we must vacate the dismissal.

The entry is:

Order of dismissal of Count II vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.