STATE OF MAINE
Jmberland, ss, Clerk's Office
SUPERIOR COURT

JAN 21 2003

RECEIVED

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-570
REC -Cum - 1/21/2003

G.M.G. ,
 Plaintiff,

v.

FIUP REALTY CO., INC.,
 Defendant.

ORDER ON FIUP REALTY CO., INC.'s
MOTION TO DISMISS

DONALD L. GARECHT
LAW LIBRARY

FEB 12 2003

## FACTUAL BACKGROUND

Defendant FIUP Realty Co., Inc.'s (FIUP's) Motion to Dismiss Plaintiff G.M.G.'s

Complaint because it failed to join Key Bank National Association (Key Bank), an

indispensable party to the lawsuit is before the court.[1]

In December 1977, G.M.G.'s predecessor-in-interest, Herbert Ginn (Ginn), granted an

easement to Maine National Bank (MNB). Compl. ¶ 6. This easement provided that MNB

and its successors and assigns could connect with and use the storm water drainage system at

the Maine Mall Plaza Shopping Center. Id. ¶ 7. The easement agreement (agreement)

provided that the grantee was to pay Ginn $1000 annually in consideration for the use of the

drainage system. Id. ¶ 8. The easement was properly recorded in the Cumberland County

Registry of Deeds. Id.

---

[1] Although filed as a motion to dismiss, Defendant conceded at oral argument that dismissal is not required if the court finds that Key Bank should be joined. Larrabee v. Town of Knox, 2000 ME 15, ¶ 10, 744 A.2d 544 (holding when a party is "subject to service of process" it is unnecessary to reach the question of whether the action should proceed)(citations omitted). An action will only be dismissed if the court determines that the party to be joined is "indispensable" *and* cannot be joined. Id. (emphasis added). See also Caron v. City of Auburn, 567 A.2d 66, 68 (Me.1989).
M.R. Civ. P. 19(a) states as follows:
(a) **Persons to Be Joined if Feasible**. A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

On December 18, 1992, Fleet Bank of Maine, a successor-in-interest to MNB, conveyed the parcel of land to the Defendant. Id. ¶ 9. Defendant purchased the parcel subject to all of the terms of the Ginn easement; this transaction was also properly recorded. Id. ¶ 10. Since the Defendant's purchase from Fleet Bank of Maine, the Defendant has been using the drainage system and has made no payments to the Plaintiff. Id. ¶¶ 11, 13, 17. Defendant conveyed a portion of the parcel to Key Bank. Key Bank also has the right to use the drainage system.

Defendant seeks to compel Plaintiff to join Key Bank National Association, an indispensable party to the lawsuit, because Key Bank's rights and duties under the easement are at issue.

## DISCUSSION

Joinder is required in the present case under Rule 19(a)(2) because if this court were to grant the declaratory relief Plaintiff seeks and declare the easement agreement void, Key Bank may lose its drainage rights. M.R. Civ. P. 19(a)(2). At oral argument, counsel for the Plaintiff admitted that he did not know whether Key Bank's drainage would be affected by a termination of Defendant's rights to drainage. Because it is clear that Key Bank's rights may be affected if the relief sought by Plaintiff is granted, the Plaintiff is ordered to join Key Bank National Association as a Defendant within thirty days.

The entry is

Defendant's Motion to Dismiss is DENIED;
Plaintiff is ORDERED to join Key Bank National Association within thirty days; and
the deadlines pertaining to ADR Conference, indicated on the November 21, 2002 Scheduling Order, are extended thirty days, all other deadlines remain unchanged.

Dated at Portland, Maine this 21st day of January, 2003.

Robert E. Crowley
Justice, Superior Court

G.M.G. - PLAINTIFF

Attorney for: G.M.G.
PETER RUBIN
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

**DOCKET RECORD**

Attorney for: G.M.G.
THEODORE SMALL
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


vs
FIUP REALTY CO., INC. - DEFENDANT

Attorney for: FIUP REALTY CO., INC.
KEVIN LIBBY
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 11/07/2002

## Docket Events:

11/07/2002 FILING DOCUMENT - COMPLAINT FILED ON 11/07/2002
           DECLARATORY JUDGMENT AND MONETARY RELIEF


11/07/2002 Party(s):  G.M.G.
           ATTORNEY - RETAINED ENTERED ON 11/07/2002
           Plaintiff's Attorney: PETER RUBIN


11/18/2002 Party(s):  FIUP REALTY CO., INC.
           RESPONSIVE PLEADING - ANSWER FILED ON 11/18/2002


11/18/2002 Party(s):  FIUP REALTY CO., INC.
           ATTORNEY - RETAINED ENTERED ON 11/18/2002
           Defendant's Attorney: KEVIN LIBBY


11/18/2002 Party(s):  FIUP REALTY CO., INC.
           MOTION - MOTION TO DISMISS FILED ON 11/18/2002
           WITH EXHIBIT 1, REQUEST FOR HEARING AND PROPOSED ORDER


11/20/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/20/2002
           ROBERT E CROWLEY , JUSTICE


11/21/2002 ORDER - SCHEDULING ORDER ENTERED ON 11/21/2002
           ROBERT E CROWLEY , JUSTICE
           DISCOVERY DEADLINE IS JULY 21, 2003. PARTIES TO SELECT ADR PROCESS AND NEUTRAL. COPIES