STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-36

MICHAEL T. EVERLY,

Plaintiff,

v.

CLYDE A. FOWLER, JR.,

Defendant,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as
nominee for TAYLOR, BEAN &
WHITTAKER MORTGAGE CORP.,
et al.

Parties in Interest.

**DECISION AND ORDER ON
MOTION TO DISMISS**

This matter is before the Court on Defendant Clyde A. Fowler's motion to dismiss for failure to join indispensible parties under M.R Civ. P. 12(b)(7). Plaintiff Michael Everly brought an action alleging four counts against Defendant Fowler: Count I: Nuisance; Count II: Declaratory Judgment; Count III: Injunction; and Count IV: Easement by Prescription.

**BACKGROUND**

The Complaint, taken as true, sets forth the following facts. Plaintiff sues Defendant Fowler for violating Plaintiff's express easement to use a certain Lot # 3 of a subdivision known as Tobey's Belgrade Lakes Development. In this subdivision, there are approximately 133 lots, and 56 lot owners. Some, but not all, of the lots in the subdivision are on the shore of Long Pond.

1

Plaintiff owns Lot # 81 and Lot # 82, which are back lots and not on the shore. Defendant Fowler owns Lot # 120 and Lot # 3 (to which Plaintiff purportedly has easement rights). Lot # 3 is on the shore of Long Pond, but Lot # 120 is not.

Plaintiff's deed ostensibly shows the existence an easement: "Also conveyed hereby is a right-of-way over Third Street and Lake Shore Drive to Lot #3 — Beach Lot, and the right to the use of said Lot #3 — Beach Lot, for Beach purposes at your own risk." Importantly, it seems that all back lots in the subdivision were sold with this easement. Complaint ¶ 8. In fact, advertising materials for the development indicate that buyers will have easement rights to Lot # 3.

Defendant Fowler's deed to Lot # 3 recognizes the existence of Plaintiff's easement. It reads,

> Excepting from this conveyance all rights of way and all other rights conveyed by the said Tobey Lumber Company herein prior to this date, whether the deeds given by said Tobey Lumber Company have been recorded in the...Registry of Deeds or not and reserving from this conveyance to said Tobey Lumber Company, its successors or assigns,...the right to the use, in common with others, of Lot #3(three) as delineated on said Plan for beach purposes.

*Id.* ¶ 30.

When Defendant Fowler purchased Lot # 3, he allegedly cleared the lot of trees, excavated thirty percent of the lot, excavated pavement that went to the water, installed a fence across the right of way, placed a boulder in the right of way, employed a dog to discourage use of the right of way, played loud music when Lot owners came to use the right of way, and performed other actions that upset the Plaintiff's prior unencumbered use of Lot # 3 for boating and swimming.

2

Plaintiff sues to enforce his express rights and his prescriptive rights to Lot # 3. Plaintiff specifically prays that Defendant Fowler be enjoined from interfering with Plaintiff's rights to Lot # 3 and to deconstruct any structures that he has erected. In addition, Plaintiff sues for nuisance damages. In the instant motion, Defendant Fowler moves to dismiss for failure to join all other subdivision lot owners as necessary parties (hereinafter referred to as "the 56 Additional Lot Owners").

## DISCUSSION

1. <u>Joinder</u>

   a. Rule 19

Rule 19(a) sets the standard as to what persons are "needed for just adjudication" and must be joined in the action. Rule 19(a) reads:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

As the language of the Rule makes clear, joinder is required in circumstances where the absence of unnamed parties would prevent a judgment from fully adjudicating the underlying dispute, expose those who are already parties to multiple or inconsistent obligations, or prejudice the interests of absent parties. *See Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 7–9, 744 A.2d 544. Furthermore, joinder "protects unjoined but interested parties by assuring that their interests will not be prejudiced without their

3

participation and it protects active parties by assuring that issues will not have to be relitigated." *Ocwen Fed. Bank, FSB v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275.

b. Applicable Case Law

The Court finds no Law Court case that has explicitly addressed whether all persons who hold an easement over a servient parcel must be joined as necessary parties in a suit by one of them to enforce that easement. The Court reviewed the relevant case law on this issue, and ultimately concludes that the 56 Additional Lot Owners are not necessary parties, and need not be joined.

To begin, the Court examines a case most similar to the case at bar— *Sleeper v. Loring*. In *Sleeper,* the plaintiffs were back lot owners in a subdivision, and they owned an express easement over a certain lot 40A, which easement "[ran] to the shore" of a lake. The plaintiffs built a dock on lot 40A, but the town's code enforcement officer ordered the dock removed. The plaintiffs then sued seeking declaratory judgment as to the scope of their rights to the easement. The trial court granted summary judgment to the defendant on the issue of whether the plaintiffs could maintain a dock on lot 40A. *Sleeper v. Loring*, 2012 Me. Super. LEXIS 57 (Me. Super. Ct., May 15, 2012). On appeal, the Law Court reversed the grant of summary judgment, and, *sua sponte*, remanded the case to the trial court to decide whether to join absent persons. 2013 ME 112, ¶ 22. The Law Court's remand instructions were as follows:

> [B]ecause there are other back lot owners within the…subdivision with an easement over lot 40A and there may be other fee owners of lot 40A who are not parties to these proceedings and whose interests may be prejudiced by the court's findings on remand, the court should determine whether additional parties exist who must be joined to this action pursuant to M.R. Civ. P. 19(a), and should so order.

4

*Id.* ¶ 22. On remand, Justice Cole of the Superior Court found that all necessary persons were already parties to the action. *Sleeper v. Loring*, CUMSC-AP-10-20 (Me. Super. Ct., Cum. Cnty., Sept. 29, 2014). First, the court noted that no other known parties claim a fee interest lot 40A. In addition, despite the fact that 60 lot owners had an easement over lot 40A, those already parties had the strongest interest in litigating the issue of the scope of the easement. *Id.* at 1. As to the 60 lot owners who had an easement, it would have been administratively burdensome to require the existing parties to determine the record owner of each lot, including mortgagees holding title, and contact each of them regarding joinder. *Id.* at 3. Furthermore, the court deemed that a decision as to whether a dock is within the scope of the easement does not prejudice those absent owners' interests in lot 40A. *Id.* at 4. Still further, no other persons sought to intervene in the matter despite the four years of litigation. *Id.* at 1–2. Last, the court found authority in *Sanseverino v. Gregor*, 2011 ME 8, 10 A.3d 375, which supported his conclusion that no joinder was necessary.

In *Sanseverino*, the plaintiffs filed a complaint against a defendant who cut timber on a parcel in violation of a restrictive covenant. 2011 ME 8, ¶ 1. The covenant limited the use of the parcel to "single family residential purposes" and explicitly disallowed "commercial or business activity." The defendant moved to dismiss the complaint under Rule 12(b)(7) on account of the plaintiffs' failure to join absent lot owners who were entitled to enforce the restrictive covenant. The trial court denied the motion, enjoined the timber cutting operations, and the defendant appealed. The defendant argued that the court's ruling in the case could affect the interests of absent lot owners arising from their deeded restrictive covenants. The Law Court disagreed, noting that the absent lot owners

5

were not directly interested in the litigation, that their ability to enforce the restrictive covenant in the future would not be prejudiced thereby, and that the defendant would not be exposed to multiple or inconsistent obligations for its present logging activities. *Id.* ¶ 8. Therefore, the court held that the persons entitled to enforce the restrictive covenant are not necessary parties to an action brought by one of them to enforce the covenant.

Just as the absent lot owners in *Sanseverino* had a right to enforce the restrictive covenant to enjoin the defendant's logging operations, so do the 56 Additional Lot Owners have a right to enjoin Defendant Fowler from interfering with their access to Lot #3. Thus, like *Sanseverino*, the mere possibility that the 56 Additional Lot Owners have the ability to enforce the easement does not necessarily require that they be joined in this action. Plaintiff Everly's suit will address the Defendant's interference with the commonly held easement over Lot #3. Further, the 56 Additional Lot Owners will not be foreclosed from enforcing their easement rights in the future should Defendant Fowler, or anyone else, interfere with access to Lot #3 (if an easement is found to exist). Therefore, as *Sanseverino*, the case at bar adjudicates the Plaintiff's grievances against the Defendant's interfering conduct, and can be resolved without needing to join all other easement holders.

Similarly, the Law Court in *Muther v. Broad Cove Shore Association*, 2009 ME 37, 968 A.2d 539, found it unnecessary to join absent persons to the action, even though the absentees held easement rights in the subject property. In that case, the plaintiffs who owned a servient parcel sued their neighbors to clarify the scope of certain easements over their land. They sued two groups of neighbors. One defendant-group was the homeowners association (HOA), which held an easement over the plaintiff's property for

the benefit of its members. The other defendant-group was comprised of two HOA members who owned certain "J-Lots," and who consequently had individually deeded rights to the easement apart from rights incident to their membership in the HOA. Eighteen other "J-Lot" owners were not initially made parties to the suit. *Muther v. Broad Cove Shore Ass'n*, 2007 Me. Super. LEXIS 185, * 2. All parties settled the case before trial, but the HOA nevertheless appealed the settlement. On appeal, the HOA argued that the settlement was "unworkable for want of necessary parties," namely the eighteen unnamed J-Lot owners. *Id.* ¶ 9. The Law Court disagreed, noting that the settlement agreement "is binding only upon the individually named [J-Lot] parties and [HOA] members," and concluding that the settlement fully adjudicated the dispute before the court. *Id.* In addition, the Law Court offered, "the resulting judgment does not impair the ability of unnamed individuals [(presumably the eighteen J-Lot owners)] to enforce rights that are not derived from Association membership." *Id.*

Fundamentally, the Law Court in *Muther* decided not to upset the parties' settlement agreement for lack of necessary parties. In so deciding, the court rejected the argument that the non-party J-Lot owners, who had easement rights to the property at issue, were necessary parties in the case. This Court finds the Law Court's holding applicable here, where the absent parties purportedly own easement rights which are co-extensive with Plaintiff Everly's easement rights. Accordingly, this Court denies Defendant Fowler's motion to dismiss for failure to join necessary parties.

c. Distinguishable Case Law

The Court further finds that Plaintiff Everly's action is sufficiently different from two cases, explored below, in which the Law Court decided that absent parties who held ownership interests in the property at issue were necessary parties under Rule 19.

First, in *Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 7–9, the plaintiff sued the town for inverse condemnation of her property, of which she was a life tenant. Her sons had both fee interests and remainder interests in the property. The Law Court held that her sons were necessary parties. The Court declared, "joining those with interests in the property prevents multiple or inconsistent obligations on the part of the defendant,...which is one of the situations that Rule 19 seeks to avoid." *Id.* ¶¶ 7–9. In their absence, "the Town may be vulnerable to incurring multiple obligations." *Id.* ¶ 8.

Second, in *Gauthier v. Gerrish*, 2015 ME 60, two women, Shirley and Julie, were remainder beneficiaries of a trust. The settlor died, and a dispute arose between the settlor's widow and Shirley. Shirley filed suit against the trustee of the settlor's estate and against the widow to partition the property. Shirley did not sue Julie, even though Julie owned a one-quarter interest in the subject property. The Law Court held that unless Julie was joined in the action, complete relief could not be accorded among those already parties because Shirley sought a sale of the entire property, even though Julie's interest was absent from her action. *Id.* ¶ 12. Furthermore, the court noted, a sale of the entire property and division of the proceeds could, in Julie's absence, impair her ability to protect her interest or subject the parties to a risk of future litigation. *Id.*

In contrast to the absent persons in *Larrabee* and *Gauthier* who had *ownership* interests in the property *sub judice*, the absent 56 Additional Lot Owners in this case have

an easement interest. The rights attendant to an easement are different than those attendant to fee simple, and only give the holder the right to use and enforce the easement. This difference is sufficient to lead the Court to conclude that *Larrabee* and *Gauthier* do not control, and, instead the Court is persuaded to follow *Sanseverino* and *Muther*, in which cases the Law Court found joinder inappropriate when the absent parties merely held rights to enforce restrictive covenants and easements. The Court finds that this lawsuit can fully and fairly be determined between Plaintiff Everly and Defendant Fowler. Moreover, the parties here will not be exposed to multiple or inconsistent litigation because this litigation will determine finally whether the Plaintiff (and the 56 Additional Lot Owners) has an easement and also the scope of that easement. Finally, looking forward, the lawsuit at bar does not prejudice the interests of the 56 Additional Lot Owners, who may still enforce their easement rights to Lot #3 should future disputes arise.

2. Motion to Dismiss for Failure to Join Parties

The Court turns to Defendant's Rule 12(b)(7) motion to dismiss for failure to join necessary parties. Because this Court concludes that the 56 Additional Lot Owners are not necessary parties, the Defendant's motion must be denied. In any event, dismissal is appropriate only when (1) joinder is not "feasible" and (2) when the Court "determine[s] whether in equity and good conscience whether the action…should be dismissed." M.R. Civ. P. 19(b). Here, joining the 56 Additional Lot Owners is probably feasible because they are subject to service of process. See M.R. Civ. P. 4(d)(1) and (e). Therefore, even if the 56 Additional Lot Owners were necessary parties, the Court would instead read the Defendant's motion dismiss as a Rule 19(a) motion for joinder. *See Efstathiou v. Payeur,*

9

456 A.2d 891, 892 (Me. 1983) (reading the defendant's motion to dismiss as a motion for joinder).

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for to dismiss. The Court, consistent with Maine precedent, finds that the 56 Additional Lot Owners are not needed for just adjudication.

The entry is:

1. Defendant Clyde Fowler's M.R. Civ. P. 19 Motion to Dismiss is **DENIED** insofar as it is a motion to dismiss. The motion is also **DENIED** insofar as it seeks joinder of necessary parties.

2. This Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79.

Dated: June 18, 2015

Hon. M. Michaela Murphy
Justice, Superior Court

10

MICHAEL T EVERLY  - PLAINTIFF

Attorney for: MICHAEL T EVERLY
JAMES E BELLEAU  - RETAINED 08/01/2014
TRAFTON MATZEN BELLEAU & FRENETTE
TEN MINOT AVENUE
PO BOX 470
AUBURN ME 04212-0470


vs
CLYDE A FOWLER JR - DEFENDANT
PO BOX 188
GARDINER ME 04345
Attorney for: CLYDE A FOWLER JR
RONALD BOURGET  - RETAINED
LAW OFFICES OF RONALD W BOURGET
185 STATE ST

AUGUSTA ME 04330-6407


ERIC J HOOGLUND (DISMISSED)  - DEFENDANT
116 LAKESHORE DRIVE
BELGRADE LAKES ME 04918
Attorney for: ERIC J HOOGLUND (DISMISSED)
BRYAN BAXTER WARD  - RETAINED
O'DONNELL, LEE, MCCOWAN & PHILLIPS, LLC
112 SILVER STREET
PO BOX 559
WATERVILLE ME 04903-0559


MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC - PARTIES IN INTEREST
C/O CT CORPORATION SYSTEM ONE PORTLAND SQUARE
PORTLAND ME 04101


Attorney for: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
PAULA LEE CHAMBERS  - RETAINED
HINSHAW & CULBERTSON LLP
28 STATE ST 24TH FLOOR
BOSTON MA 02109


SKOWHEGAN SAVINGS BANK (DISMISSED) - PARTIES IN INTEREST
C/O WARREN SHAY, CLERK PO BOX 250
SKOWHEGAN ME 04976


Attorney for: SKOWHEGAN SAVINGS BANK (DISMISSED)
WARREN SHAY  - RETAINED
PERKINS TOWNSEND SHAY & TALBOT PA
48 COURT STREET
PO BOX 467
SKOWHEGAN ME 04976


SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-RE-2014-00036


**DOCKET  RECORD**


Filing Document: COMPLAINT          Minor Case Type: QUIET TITLE
Filing Date: 08/01/2014

## Docket Events:

08/01/2014 FILING DOCUMENT - COMPLAINT FILED ON 08/01/2014
　　　　　 Plaintiff's Attorney:　JAMES E BELLEAU

08/01/2014 Party(s):　MICHAEL T EVERLY
　　　　　 ATTORNEY - RETAINED ENTERED ON 08/01/2014
　　　　　 Plaintiff's Attorney: JAMES E BELLEAU

08/01/2014 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 08/01/2014
　　　　　 PENNY　MOORE , ASSISTANT CLERK-E
　　　　　 NOTICE OF LITIGATION

08/15/2014 Party(s):　CLYDE A FOWLER JR
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/04/2014
　　　　　 TO BONNIE BROWN FOR DEFT FOWLER

08/15/2014 Party(s):　CLYDE A FOWLER JR
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/12/2014

08/27/2014 Party(s):　ERIC J HOOGLUND (DISMISSED)
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/18/2014

08/27/2014 Party(s):　ERIC J HOOGLUND (DISMISSED)
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/26/2014

09/03/2014 Party(s):　MICHAEL T EVERLY
　　　　　 SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 09/03/2014
　　　　　 Plaintiff's Attorney:　JAMES E BELLEAU

09/16/2014 Party(s):　CLYDE A FOWLER JR
　　　　　 SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 09/08/2014
　　　　　 ACCEPTED BY RON BOURGET FOR DEFT CLYDE FOWLER JR (AMENDED COMPLAINT)

09/16/2014 Party(s):　CLYDE A FOWLER JR
　　　　　 SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/11/2014

09/16/2014 Party(s):　SKOWHEGAN SAVINGS BANK (DISMISSED)
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/05/2014

09/16/2014 Party(s):　SKOWHEGAN SAVINGS BANK (DISMISSED)
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/16/2014

09/16/2014 Party(s):　ERIC J HOOGLUND (DISMISSED)
　　　　　 SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 09/10/2014
　　　　　 ACCEPTED BY BRYAN WARD FOR DEFT HOOGLUND (AMENDED COMPLAINT)

09/16/2014 Party(s):　ERIC J HOOGLUND (DISMISSED)
　　　　　 SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/15/2014

09/17/2014 Party(s):　MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
　　　　　 SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/09/2014
　　　　　 TO CT CORPORATION SYSTEMS FOR PII MORTGAGE ELECTRONIC REGIS SYSTEM

09/17/2014 Party(s):　MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

　　　　　　　　　　　　　　　　　Printed on: 06/19/2015

SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/17/2014

09/25/2014 Party(s):  CLYDE A FOWLER JR
            MOTION - MOTION TO DISMISS FILED WITH AFFIDAVIT ON 09/25/2014
            Defendant's Attorney: RONALD BOURGET
            W/ AFFIDAVIT OF CLYDE A FOWLER JR, MEMORANDUM OR LAW

09/29/2014 Party(s):  SKOWHEGAN SAVINGS BANK (DISMISSED)
            RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 09/26/2014

09/29/2014 Party(s):  SKOWHEGAN SAVINGS BANK (DISMISSED)
            ATTORNEY - RETAINED ENTERED ON 09/26/2014

10/01/2014 Party(s):  ERIC J HOOGLUND (DISMISSED)
            OTHER FILING - ENTRY OF APPEARANCE FILED ON 09/30/2014
            Defendant's Attorney: BRYAN BAXTER WARD

10/01/2014 Party(s):  ERIC J HOOGLUND (DISMISSED)
            ATTORNEY - RETAINED ENTERED ON 09/30/2014
            Defendant's Attorney: BRYAN BAXTER WARD

10/01/2014 Party(s):  ERIC J HOOGLUND (DISMISSED)
            RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 09/30/2014
            Defendant's Attorney: BRYAN BAXTER WARD

10/02/2014 Party(s):  MICHAEL T EVERLY
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/01/2014
            Plaintiff's Attorney:  JAMES E BELLEAU
            PLTF'S CONSENTED-TO MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS

10/03/2014 Party(s):  MICHAEL T EVERLY
            MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/02/2014
            M MICHAELA MURPHY , JUSTICE
            COPIES TO PARTIES/COUNSEL                                    PLTF SHALL FILE
            OPPOSITION TO MOTION TO DISMISS NO LATER THAN 10 DAYS AFTER THE PARTIES COMPLETE
            MEDIATION.

10/03/2014 Party(s):  CLYDE A FOWLER JR
            ATTORNEY - RETAINED ENTERED ON 09/25/2014
            Defendant's Attorney: RONALD BOURGET

10/20/2014 Party(s):  MICHAEL T EVERLY
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/07/2014
            Plaintiff's Attorney:  JAMES E BELLEAU
            TO FILE OPPOSITION TO MOTION TO DISMISS

10/21/2014 Party(s):  MICHAEL T EVERLY
            ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/15/2014
            Plaintiff's Attorney:  JAMES E BELLEAU
            MEDIATION 11/18/14 WITH JACK CLIFFORD

10/28/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
            OTHER FILING - ENTRY OF APPEARANCE FILED ON 10/27/2014

10/28/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
          ATTORNEY - RETAINED ENTERED ON 10/27/2014

10/28/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/27/2014
          TO FILE RESPONSIVE PLEADING

11/04/2014 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/31/2014
          Plaintiff's Attorney:  JAMES E BELLEAU
          MEDIATION WITH JACK CLIFFORD ON 12/15/14.

11/05/2014 Party(s):  MICHAEL T EVERLY
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/31/2014
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    PLTF SHALL FILE
          OPPOSITION TO DEFT HOOGLUND'S MOTION TO DISMISS NO LATER THAN 10 DAYS AFTER THE PARTIES
          COMPLETE MEDIATION.

11/05/2014 ORDER - SCHEDULING ORDER ENTERED ON 11/05/2014
          M MICHAELA MURPHY , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

11/05/2014 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/05/2015

11/05/2014 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/05/2014
          M MICHAELA MURPHY , JUSTICE

11/12/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
          RESPONSIVE PLEADING - ANSWER FILED ON 11/10/2014

11/12/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
          MOTION - MOTION TO JOIN FILED ON 11/10/2014
          MOTION TO JOIN DEFT HOOGUND'S MOTION TO DISMISS

11/13/2014 Party(s):  MICHAEL T EVERLY
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/13/2014
          Plaintiff's Attorney:  JAMES E BELLEAU
          PLTF'S CONSENTED-TO MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO PII'S MOTION TO
          DISMISS

11/14/2014 Party(s):  MICHAEL T EVERLY
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/13/2014
          DANIEL I BILLINGS , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    PLTF'S
          OPPOSITION TO MOTION TO DISMISS DUE 30 DAYS AFTER PARTIES COMPLETE MEDIATION

12/03/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/24/2014
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    PARTIES-IN-
          INTEREST SHALL FILE RESPONSIVE PLEADING BY 11/6/14.

12/18/2014 ORDER - REPORT OF ADR CONF/ORDER FILED ON 12/18/2014
         M MICHAELA MURPHY , JUSTICE

12/18/2014 ORDER - REPORT OF ADR CONF/ORDER PARTIALLY RESOLVED ON 12/15/2014
         PLTF WILL DISMISS DEFT HOOGLUND W/O PREJUDICE.                    PLTF AND DEFT
         FOWLER AGREE TO RECONVENE MEDIATION NOT LATER THAN 1/31/15

12/18/2014 Party(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
         MOTION - MOTION TO JOIN OTHER DECISION ON 12/16/2014
         M MICHAELA MURPHY , JUSTICE
         NO ACTION NEEDED

12/29/2014 Party(s):  MICHAEL T EVERLY
         MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/19/2014
         Plaintiff's Attorney:  JAMES E BELLEAU
         CONSENTED TO MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION

12/29/2014 Party(s):  MICHAEL T EVERLY
         MOTION - MOTION TO DISMISS FILED ON 12/19/2014
         CONSENTED TO MOTION TO DISMISS DEFENDANT ERIC HOOGLUND ONLY

12/29/2014 Party(s):  MICHAEL T EVERLY
         MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 12/19/2014
         Plaintiff's Attorney:  JAMES E BELLEAU
         CONSENTED TO MOTION TO AMEND SCHEDULING ORDER

12/30/2014 Party(s):  MICHAEL T EVERLY
         MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/19/2014
         Plaintiff's Attorney:  JAMES E BELLEAU
         PLTF'S CONSENTED TO, TO FILE OPPOSITION TO DEFT FOWLER'S MOTION TO DISMISS AND PII
         MORTGAGE ELECTRONIC REGIS SYSTEM'S MOTION TO DISMISS

01/07/2015 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 12/28/2014
         M MICHAELA MURPHY , JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL

01/07/2015 ORDER - ORDER TO FILE DOCKET ENTRIES ENTERED ON 12/28/2014
         M MICHAELA MURPHY , JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL                                        AS TO DEFT ERIC HOOGLUND
         ONLY.  DOCKET ENTRIES DUE IN 30 DAYS.

01/09/2015 Party(s):  MICHAEL T EVERLY
         MOTION - MOTION TO DISMISS GRANTED ON 01/07/2015
         M MICHAELA MURPHY , JUSTICE
         COPIES TO PARTIES/COUNSEL                              WITHOUT
         PREJUDICE, AGAINST DEFT HOOGLUND

01/09/2015 Party(s):  ERIC J HOOGLUND (DISMISSED)
         FINDING - PARTIAL DISMISS W/O PREJUDICE ENTERED ON 01/07/2015

01/09/2015 Party(s): MICHAEL T EVERLY
MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 01/07/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    RE: JOINDER OF
PARTIES/AMENDMENT OF PLEADINGS, DESIGNATE EXPERTS.

01/09/2015 Party(s): MICHAEL T EVERLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/07/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    PLTF'S
OPPOSITION DUE NO LATER THAN 20 DAYS AFTER PARTIES COMPLETE MEDIATION.

01/20/2015 ORDER - REPORT OF ADR CONF/ORDER FILED ON 01/16/2015
M MICHAELA MURPHY , JUSTICE

01/20/2015 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 01/16/2015

01/29/2015 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 01/24/2015
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

02/13/2015 Party(s): MICHAEL T EVERLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/07/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    PLTF'S
OPPOSITION DUE NO LATER THAN 20 DAYS AFTER PARTIES COMPLETE RECONVENED MEDIATION

02/13/2015 Party(s): MICHAEL T EVERLY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/11/2015
Plaintiff's Attorney: JAMES E BELLEAU
PLTF'S OPPOSITION TO DEFT'S MOTION TO DISMISS

04/01/2015 Party(s): MICHAEL T EVERLY
MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 03/25/2015
Plaintiff's Attorney: JAMES E BELLEAU
PLTF'S CONSENTED-TO MOTION TO AMEND SCHEDULING ORDER

04/07/2015 Party(s): MICHAEL T EVERLY
MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 04/01/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    JOINDER OF
PARTIES/AMENDMENT OF PLEADINGS 6/1/15.  EXPERT WITNESSES: PLTF  6/1/15, DEFT 8/1/15.
DISCOVERY 10/1/15.

04/07/2015 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/01/2015

04/14/2015 HEARING - MOTION TO DISMISS SCHEDULED FOR 06/03/2015 at 10:30 a.m. in Room No.  4
M MICHAELA MURPHY , JUSTICE

04/14/2015 HEARING - MOTION TO DISMISS NOTICE SENT ON 04/14/2015

05/15/2015 Party(s):  SKOWHEGAN SAVINGS BANK (DISMISSED)

MOTION - MOTION TO DISMISS FILED ON 05/11/2015
CONSENTED TO MOTION TO DISMISS ONLY PII SKOWHEGAN SAVINGS BANK

05/19/2015 Party(s): MICHAEL T EVERLY,CLYDE A FOWLER JR
MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 05/19/2015
Defendant's Attorney: RONALD BOURGET
Plaintiff's Attorney: JAMES E BELLEAU
JOINT MOTION TO STAY AND/OR AMEND SCHEDULING ORDER

05/19/2015 Party(s): SKOWHEGAN SAVINGS BANK (DISMISSED)
MOTION - MOTION TO DISMISS GRANTED ON 05/19/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    PII SKOWHEGAN
SAVINGS BANK IS DISMISSED WITHOUT PREJUDICE

05/26/2015 Party(s): MICHAEL T EVERLY,CLYDE A FOWLER JR
MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 05/21/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    CURRENT
SCHEDULING ORDER STAYED UNTIL COURT RULES ON DEFT FOWLER'S MOTION TO DISMISS.  THE PARTIES
WILL THEN EITHER SUBMIT AN AGREED UPON REVISED SCHEDULING ORDER OR REQUEST CONFERENCE WITH
THE COURT.

06/03/2015 HEARING - MOTION TO DISMISS HELD ON 06/03/2015
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: RONALD BOURGET
ALSO PRESENT: PAULA-LEE CHAMBERS, ESQ., MARK FRENETT, ESQ.          COURTROOM 5,
10:30:46 TO 11:07:37

06/03/2015 CASE STATUS - DECISION UNDER ADVISEMENT ON 06/03/2015
M MICHAELA MURPHY , JUSTICE
MOTION TO DISMISS

06/19/2015 Party(s): CLYDE A FOWLER JR
MOTION - MOTION TO DISMISS DENIED ON 06/18/2015
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    DEFT CLYDE
FOWLER'S M.R. CIV. P.19 MOTION TO DISMISS IS DENIED INSOFAR AS IT IS A MOTION TO DISMISS.
THE MOTION IS ALSO DENIED INSOFAR AS IT SEEKS JOINDER OF NECESSARY PARTIES.

06/19/2015 ORDER - COURT ORDER ENTERED ON 06/18/2015
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL AND REPOSITORIES                             DECISION AND ORDER ON
MOTION TO DISMISS

A TRUE COPY
ATTEST: _____
                Clerk